VITTA MENGA vs. HYMAN KABAKOFF ET AL.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d, 1929—decided January 6th, 1930.

*Robert J. Woodruff*, with whom, on the brief, was *John G. Confrey*, for the appellant (plaintiff).

*Samuel Campner*, for the appellees (defendants).

MALTBIE, J. The plaintiff is seeking to recover the price which the defendant agreed to pay him in a written contract for repairing and partially remodeling a small house owned by the latter and also the reasonable value of certain extra work in connection with the contract. The price agreed upon was $660 and the plaintiff claimed the reasonable value of the extras to be $400. He recovered a verdict for $859.80, which the trial court set aside and the plaintiff has appealed.

The contract, which was very inadequately drawn, provided that the job should be left in a first class condition and that it should satisfy the owner. There was evidence which, if believed by the jury, would reasonably support a conclusion that these provisions have been fulfilled, unless the defendant is correct in the construction he places upon a certain term in the contract. This term provided that "all foundation brick outside and inside up to the ground should be" stuccoed. Clearly this could not mean that the walls

of the cellar from its floor to its ground level should be stuccoed both outside and in, because this would involve excavating to uncover the outside of the wall and require stucco where it would serve no purpose, because, read literally, it would make no provision for the use of stucco upon the foundation walls above the ground, which would be the obvious place to use it and where in fact it was used, and because, while the contract refers only to foundation brick, evidence offered by the defendant himself indicated that the cellar walls were composed in part at least of stone. The only way a sensible meaning can be given to this provision in the contract is to assume that by a scrivener's error the words "up to the ground" were used in place of the words "from the ground up." Indeed, when the defendant was asked whether this was not what he intended, he answered, "Yes." There is no claim that the outside of the foundation walls above the ground was not stuccoed. As far as the inside was concerned, the defendant did testify that no stucco was used, but an expert called by him upon this very issue testified only as to one end of the cellar not having been so treated. The house was about nineteen by thirty-four feet, so that the jury might well have concluded that the stucco upon the inside of the foundation at one end would be about one sixth of that to be used upon the whole inside foundation or one twelfth of the entire stucco work to be done. The only evidence of the cost of the stucco had to do with the application of a second coat, in which color had been mixed, which the plaintiff claimed to be an extra; and for that, one witness placed the cost for the entire foundation, presumably on the outside, at $18. Clearly the jury were warranted in finding that there was no substantial failure of performance here, and, even if they failed to make

a deduction from the contract price on account of this item, the amount involved, so far as the evidence indicates, is entirely too small to justify a new trial.

It is true that the evidence of the plaintiff as to the reasonable cost of the extras he claims varied considerably as to certain items and as to one was much larger than the value placed upon it by the subcontractor who actually did the work. But, even if we should adopt as to each item the smallest sum testified to, add these amounts to the price agreed upon in the contract and make a proper allowance for interest, the amount somewhat exceeds the verdict. We cannot say that the verdict is not reasonably supported by the evidence.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment upon the verdict as rendered.

In this opinion the other judges concurred.